IN THE MATTER OF THE SUCCESSION OF MARSHA KALINDA ALFRED
No. 2009 CA 0661.
Court of Appeals of Louisiana, First Circuit.
October 27, 2009.
Not designated for Publication
ANGELA F. LOCKETT, Baton Rouge, Louisiana. Counsel for Intervenors/Appellants Baton Rouge Sigma Alumnae Chapter of Delta Sigma Sorority, Inc.
ANDREW P. SELLERS, JR., Baton Rouge, Louisiana, Counsel for Plaintiffs/Appellees Doris R. Alfred, Stephanie A. Gant, and Gurney K. Alfred.
Before: DOWNING, GAIDRY and McCLENDON, JJ.
McCLENDON, J.
This is an appeal from a judgment finding a will invalid, refusing to admit same for probate, and dismissing the intervenors' claims with prejudice. For the following reasons, we affirm.
Marsha Kalinda Alfred (Ms. Alfred) died on September 9, 2007. Ms. Alfred was never married, nor did she have or adopt any children. On January 30, 2008, the petitioners, Doris R. Alfred, Stephanie A. Gant, and Gurney K. Alfred (Ms. Alfred's mother, sister, and brother respectfully), filed a petition to judicially open Ms. Alfred's succession. The petitioners attached a copy of a Last Will and Testament executed by Ms. Alfred on October 17, 2001, and asserted that they had been unable to locate the original of said document despite their diligent search. The petitioners further asserted that they contacted the law firm that drafted the will and were informed that the law firm did not possess the original will. Additionally, the will referenced an attached schedule of belongings, which was not attached and was never located. Thus, the petitioners contended that Ms. Alfred revoked her will and died intestate. The petitioners further recognized that Baton Rouge Sigma Alumnae Chapter of Delta Sigma Theta Sorority, Inc. (Delta Sigma) and Camphor Memorial United Methodist Church (Camphor Church) were named as legatees in the will and asserted that they would notify those entities by certified mail of the filing of the petition.
Thereafter, upon leave of court. Delta Sigma and Camphor Church intervened in the matter requesting that the will be found valid and probated and that the intervenors be put in possession of their legacies pursuant to Ms. Alfred's will. Following a bench trial, the trial court rendered judgment, finding the will invalid and that it should not be probated, because it was incomplete as to its attachment and because the original will was not located. Judgment to that effect was signed on December 4, 2008.
Delta Sigma has appealed, contending that the trial court committed manifest error in not allowing a copy of Ms. Alfred's Last Will and Testament to be probated.[1]
When a will cannot be found at the testator's death, there arises a presumption that the testator has destroyed the will with the intent of revoking it. Succession of Talbot, 530 So.2d 1132, 1134-35 (La. 1988); In re Succession of Hatched, 03-0163, p. 3 (La.App. 1 Cir. 11/7/03), 868 So.2d 36. The party seeking to establish the will may rebut the presumption by clear proof of the following: (1) the testator made a valid will; (2) proof of the contents or substance of the will; and (3) the will, though not found at testator's death, was never revoked by the testator. In re Succession of Claiborne, 99-2415, p. 3 (La.App. 1 Cir. 11/3/00), 769 So.2d 1267, 1268, writs denied, 00-3283 (La. 2/16/01), 786 So.2d 98, and 00-3310 (La. 2/16/01), 786 So.2d 99. To prevail, the proponent of a will bears the burden of establishing that the testator did not intend to revoke the will by destroying it. Succession of Talbot, 530 So.2d at 1135.
In its appeal. Delta Sigma contends that Ms. Alfred executed a valid notarial testament. It further urges that although Article III of the will entitled "Personal Affects" refers to an attached list of "personal household goods, furniture, clothing, and other items" and the list was not attached, there is no requirement in LSA-C.C. art. 1577, setting forth the requirements for a notarial testament, that an attachment to a will be included for the notarial testament to be valid. Lastly, Delta Sigma argues that considering the existence of a copy of the will, the facts of the case show that Ms. Alfred did not intend to revoke her will by destroying it. According to Delta Sigma, because there is absolutely no evidence that Ms. Alfred intentionally destroyed her will, it has overcome the presumption that the will was revoked.
The record in this matter establishes that the petitioners never located the original will, or the attached list, despite a diligent search. The petitioners testified that they searched Ms. Alfred's home, her automobile, and her personal belongings from her office. They contacted Ms. Alfred's banks and the law firm that prepared the will. The law firm only had a copy of the will and did not have a copy of the attachment. Ms. Gant testified that she was told that her sister had taken the original will with her and indicated that she would return to the law firm with the original will, including the attachment, but that she never did. None of the parties were able to produce the original will or the attached list.
At trial, it was also established that Ms. Alfred, although once a member of Camphor Church, terminated her membership sometime after 2001 and became a member of First United Methodist Church.
The trial court ruled, as follows:
1) the copy of the Last Will and Testament of Marsha Kalinda Alfred, dated October 17, 2001, is invalid and should not be probated because it is incomplete relative to Article III of the will, which refers to a list of "Personal Affects," which list was not found, nor was the original will located;
2) the evidence showed, and the court concluded, that the deceased was not a member of Camphor Memorial United Methodist Church at the time of her death, which amounted to a material change in circumstances and supported the presumption that the deceased destroyed her will before her death, which presumption was not overcome by the Intervenors; and
3) the claims of the Intervenors are hereby rejected and dismissed, with prejudice, at the Intervenors' cost.
After a thorough review and careful consideration of the entire record, we cannot say the trial court erred in finding that Delta Sigma failed to meet its burden of clearly proving that the will was never revoked by Ms. Alfred. Having found that the presumption was not overcome, we need not address whether the original will was invalid. For these reasons, we find no manifest error in the trial court's decision to deny the admission of the will for probate.
Accordingly, we affirm the judgment of the trial court in accordance with URCA Rule 2-16.1B. Costs of this appeal are assessed to Baton Rouge Sigma Alumnae Chapter of Delta Sigma Theta Sorority, Inc.
AFFIRMED.
NOTES
[1] The motion for appeal was filed by Delta Sigma and Camphor Church, and a suspensive appeal was granted as to both intervenors. However, only Delta Sigma filed an appellate brief. Therefore, the Camphor Church appeal is considered abandoned.